UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GEORGE MARTIN | ) |
| Plaintiff, | ) |
| | ) CASE NO. |
| TD AMERITRADE, INC., | ) 1:08-cv-0244-LJM-TAB |
| Defendant. | ) |

## COMPLAINT

Plaintiff, George Martin ("Martin"), by counsel, hereby files this Complaint against TD Ameritrade, Inc. ("Defendant") for declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et seq. (hereinafter "Americans with Disabilities Act" or "ADA").

### PARTIES

1. Martin is a resident of Hamilton County, Indiana and is a qualified individual with a disability under the ADA as he is, among other qualifying things, profoundly deaf and communicates in American Sign Language ("ASL").

2. Defendant, TD Ameritrade, Inc., is Nebraska corporation that is conducting business in the State of Indiana, with locations in Indiana.

### JURISDICTION, VENUE AND STANDING

3. The United States District Court for the Southern District of Indiana has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this case raises questions under Title III of the ADA, 42 U.S.C. § 12181 et seq.

4. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because the Defendant may be found in this district and the challenged conduct occurred in this state.

5. There is a real and immediate threat of future harm, and there is a likelihood that Martin will return to a Defendant location, and/or seek to do business with Defendant in the future, and it is also likely that Martin will suffer blatant discrimination at the hands of Defendant; in support thereof Martin alleges the following to establish standing:

 a. Martin requires the services of a company that provides financial planning and investing;

 b. Martin desires to learn about the financial planning and investment services offered by Defendant;

 c. Martin lives in close proximity to Defendant's Indianapolis, Indiana office;

 d. Martin communicates in American Sign Language and requires a qualified sign language interpreter for complex financial transactions and discussions.

 e. Defendant refused, and continues to refuse, to provide a qualified sign language interpreter for Martin, despite his request. Defendant failed to maintain a policy of providing effective communication to its deaf and hard of hearing customers.

 g. Martin has a definite need and desire to go to Defendant location and meet with a representative of Defendant regarding his future financial planning needs.

## FACTS

6. On or about December 10, 2007, Martin contacted Defendant's Indianapolis, Indiana, office via telephone relay to make an appointment wherein he could go to the office and

discuss funding options for the account he opened.

7. Martin identified himself as being deaf, and requested that Defendant provide a sign language interpreter for the meeting.

8. Martin was placed on hold and then informed that Defendant does not have, nor does it provide interpreters.

9. Martin asked if Defendant would provide an interpreter if Martin provided the name and telephone number of one.

10. Martin was told that Defendant would not provide an interpreter if it had to incur costs.

11. Martin still desires to meet with a representative regarding his financial needs.

12. Defendant has refused to provide a qualified sign language interpreter and has denied services to Martin.

13. Because of his disability, Martin is being excluded from receiving equal services from Defendant.

14. Defendant willfully, knowingly and intentionally discriminated against Martin in violation of Title III of the ADA.

## COUNT I

### DEFENDANT VIOLATED TITLE III OF THE ADA

15. Martin incorporates by reference the allegations in paragraphs 1-14 of this Complaint.

16. Martin is an individual with a disability under Title III of the ADA and meets the essential eligibility requirements for Defendant's services at all times relevant hereto.

17. Defendant is a public accommodation and must provide qualified sign language

interpreters when necessary to provide effective communication.

18. Defendant violated Title III of the ADA when it:

   a. Failed to maintain policies and procedures to ensure compliance with Title III of the ADA, specifically policies that provide equal access and effective communication to individuals with disabilities;

   b. Failed to ensure that communications with Martin were as effective as communications with hearing individuals;

   c. Failed to provide auxiliary aids and services, including a qualified interpreter, and to modify policies and procedures to prevent discrimination against Martin; and

   d. Excluded Martin from services and denied Martin the benefit of these services due to his disability.

19. Martin has been and will continue to be denied access to, and the benefit of, services available from Defendant because Martin has a definite need and intention to conduct business with Defendant in the future.

20. Martin has a realistic, credible, existing and continuing threat of discrimination from the Defendant's continuing violations of the ADA based on the violations set forth in this Complaint. Martin has a reasonable fear he will continue to be discriminated against in violation of the ADA unless he is afforded injunctive relief by the Court.

21. Martin has been obligated to retain undersigned counsel for the filing and prosecution of this action. Martin is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

22. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Martin injunctive relief.

**WHEREFORE** Plaintiff, George Martin, respectfully requests that this Court grant the following injunctive and declaratory relief ordering Defendant:

    a.    To cease discrimination against Martin and other deaf and hard of hearing individuals;

    b.    To promulgate and comply with policies and procedures to ensure that Defendant and its staff do not discriminate against individuals who are deaf and hard of hearing.

    c.    To promulgate and comply with procedures to ensure that Defendant will provide and pay for qualified interpreter services when needed by individuals who are deaf and hard of hearing when providing services offered by Defendant;

    d.    To promulgate and comply with procedures to ensure that Defendant will notify individuals who are deaf and hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that state the Defendant will provide sign language interpreters, TTYs and/or other communication services that ensure effective communication with deaf and hard of hearing persons.

    e.    Award reasonable costs and attorney's fees; and

    f.    Award any and all other relief that may be necessary and appropriate.

Respectfully submitted,

_____
Philip J. Gibbons, Jr. (#19353-49)

_____
Elizabeth A. Joseph (# 24968-29)

Attorneys for Plaintiff, George Martin

GIBBONS JONES, P.C.
10401 North Meridian Street, Suite 300
Indianapolis, Indiana 46290
Telephone:   (317) 706-1100
Facsimile:   (317) 616-3335
E-mail:   pgibbons@gibbonsjones.com
         ejoseph@gibbonsjones.com